# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
April 10, 2003 Session at Dyersburg[1]

# JUDY C. BURROUGHS v. ROBERT W. MAGEE, M.D.

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Lauderdale County**
**No. 5005     Joe H. Walker, III, Judge**

---

**No. W2001-00238-SC-R11-CV - Filed October 1, 2003**

---

E. RILEY ANDERSON, J., concurring and dissenting.

I concur in the majority's holding that the defendant doctor owed a duty to the motoring public to warn his patient of the risks of driving while under the influence of the prescribed medication. I disagree, however, with the majority's conclusion that the defendant doctor did not owe a duty to foreseeable third parties to use reasonable care in prescribing medication under the facts of this case. To the contrary, I would hold that the doctor did owe such a duty. I therefore concur in part and dissent in part.

In Tennessee, a plaintiff in a negligence suit must establish: (1) that the defendant owed a duty of care to the plaintiff; (2) that the defendant breached the duty by failing to satisfy the applicable standard of care; (3) that the plaintiff sustained an injury or loss; (4) that the defendant's conduct was the causation in fact of the injury or loss; and (5) that the defendant's conduct was the proximate, or legal, cause of the injury or loss. White v. Lawrence, 975 S.W.2d 525, 529 (Tenn. 1998); see also Coln v. City of Savannah,966 S.W.2d 34, 39 (Tenn. 1998).

As the majority correctly states, this Court has adopted a balancing approach to determine whether a duty of care exists in a particular case. See McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995). A duty of care exists when a risk to the plaintiff is unreasonable. "A risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by the defendant's conduct outweigh the burden on the defendant to engage in alternative conduct that would have prevented the harm." Id. (citation omitted); see also Turner v. Jordan, 957 S.W.2d 815, 818-19 (Tenn. 1997). Whether the risk is unreasonable and a duty exists is a question of law to be answered by balancing the following factors: the foreseeability of the harm or injury; the possible magnitude of the potential harm or injury; the importance or social value of the activity engaged in by the defendant; the usefulness of the conduct to the defendant; the

---

[1]This case was heard as part of the April 10, 2003, S.C.A.L.E.S. (Supreme Court Advancing Legal Education for Students) project in Dyersburg, Tennessee.

feasibility of alternative conduct; the costs and burdens associated with the alternative conduct; the relative usefulness of the alternative conduct; and the relative safety of the alternative conduct. McCall, 913 S.W.2d at 153; see also Turner, 957 S.W.2d at 818.

Although I agree with the majority's analysis of these factors in concluding that the defendant, Dr. Robert W. Magee, had a duty of care to foreseeable third persons to warn his patient, Roger E. Hostetler, of the risks of driving while under the influence of the prescribed medication, I disagree with its analysis of the McCall factors and its conclusion that the defendant did not owe a duty of care to foreseeable third persons in prescribing medication under the facts of this case. Instead, I share Justice Holder's view that the defendant doctor owed a duty of care to foreseeable third persons to use reasonable care in prescribing medication to his patient.

My review of the McCall factors demonstrates that without question, the foreseeable probability of harm or injury occurring in this case was great; indeed, the defendant's own medical colleague had declined to prescribe Soma to Hostetler, had written in the patient's chart that Hostetler had "reached the stage of substance abuse," and had concluded that Hostetler should not "continue taking [the prescription] while driving a rig on the highways across this country." Moreover, the magnitude of the possible harm was likewise severe; the patient was a truck driver who, if driving while improperly medicated, would place numerous other motorists in peril of death or serious bodily injury.

I agree that the prescribing of medicine by physicians is important and has social utility. I disagree, however, with the majority's elevation of the social value of the medical profession to public policy that outweighs and trumps all other factors. In my view, the majority is wrong to mandate that a physician is immune and must have unfettered autonomy without the proper consideration of all the relevant factors, including the feasibility, usefulness, and safety of alternative conduct.

The majority cites decisions in Hawaii and Indiana as support for its policy conclusions. Other more persuasive state decisions, however, have rejected such a broad approach. See Osborne v. United States, 567 S.E.2d 677, 684-85 (W. Va. 2002) (holding that relevant statutory provisions allow a third party to bring action against a health care provider for foreseeable injuries caused by negligent treatment of patient); Zavalas v. State, 861 P.2d 1026, 1029 (Or. Ct. App. 1993) (holding that physician was not foreclosed from being held liable to third parties for negligent prescription of medication to patient). Moreover, even the Indiana decision relied upon by the majority is not as broad as the majority's application of it in this case. See Webb v. Jarvis, 575 N.E.2d 992, 998 (Ind. 1991) ("[T]his Court does not intend to unequivocally declare that physicians generally have no duty toward unknown third persons foreseeably at risk of injury resulting from the negligent administration or prescription of medicine.") (Dickson, J., concurring).

Although I find these views of other state courts convincing, we need look no further than our own precedent. We have never hesitated to impose a duty of care on physicians to foreseeable third persons in appropriate cases where the balancing of all the relevant factors so requires. See

2

Estate of Amos v. Vanderbilt University, 62 S.W.3d 133, 138 (Tenn. 2001) (hospital owed duty of care to the public to warn patient of her possible exposure to human immunodeficiency virus); Turner v. Jordan, 957 S.W.2d at 820 (psychiatrist owed duty of care to a third person to protect her from violent acts of a mentally ill patient); Wharton Trans. Corp. v. Bridges, 606 S.W.2d 521, 528 (Tenn. 1980) (physician performing mandatory physical examinations of prospective truck drivers owed duty of care to motoring public). In my view, we should not alter our approach in this case.

In short, there is no persuasive reason to completely exempt physicians from exercising reasonable care to foreseeable third persons when writing prescription medicine. Indeed, the facts of this case, in which a patient whom the defendant knew to be truck driver and for whom the defendant's own colleague had ceased writing prescriptions for Soma, demonstrate precisely why a broad exemption is inappropriate. As Justice Holder aptly stated, "if a physician negligently prescribes medication to a truck driver with a known history of drug abuse, then injuries to the motoring public are reasonably foreseeable."

Accordingly, I concur in the majority's holding that the defendant, Robert W. Magee, M.D., owed a duty to the motoring public to warn his patient of the risks of driving while under the influence of the prescribed medication. I disagree, however, with its conclusion that the defendant did not owe a duty to foreseeable third parties to use reasonable care in prescribing medication under the facts of this case. Instead, I would hold that the defendant doctor owed a duty of care to the plaintiffs as members of the motoring public to use reasonable care in prescribing medications to his patient.

I therefore concur in part and dissent in part.

_____
E. RILEY ANDERSON, JUSTICE